Shearer, J.
It is claimed on behalf of the plaintiff in error that under the provisions of section 6069, of the Revised Statutes, said ■ executors have no election except to charge themselves with and to account for the note in question; and the following cases are relied on in support of this contention: Tracy’s Adm’r v. Card’s Adm’r, 2 Ohio St. 450; Bigelow v. Bigelow, 4 Ohio, 138, and Martin’s Adm’r v. Train’s Ex’r, 6 O. C. C. R. 49.
Undoubtedly the general rule is that a debt due from an administrator or executor to the estate he represents becomes assets in his hands eo instante that he qualifies; but that the rule is without exception,, we think, cannot be maintained. The precise question before us has not been passed upon by the Supreme Court. What has been said upon the general question by that tribunal is in the nature of obiter dicta.
But an examination of the Ohio cases leads to the conclusion that the presumption raised by the statute that the debt of an executor to the estate he represents is assets in his hands, is not conclusive, but may be rebutted. The fiction is employed for a useful purpose, but will not be permitted to work injustice where it can be avoided. Bigelow v. Bigelow, supra.
So in this, case, in the absence of anything to the contrary, the presumption is that the note in question became assets in the hands of the executors the moment they qualified as such.
But it appearing that S. D. Harshman at the time of his *3 qualification and thenceforward was insolvent, it seems a monstrous doctrine that the claim, theretofore worthless, was, by the appointment of Harshman as an executor, vitalized and converted into assets worth one hundred cents on the dollar; especially as such holding would in effect impose upon his co-executor a liability, as surety for the insolvent executor, for a claim due from the latter personally, and in which the former had no interest whatever.
We think the correct doctrine is stated in Barcus v. Stover, 24 Hun, 109, afterwards affirmed by the Court of Appeals, (107 N. Y. 624), where the court, construing a statute substantially like section 6069, Revised Statutes, say : “Although * * * an executor must include a debt due from him to his testator, in the inventory, and is, upon the final accounting, prima faoie, to be held liable therefor, as for so much money in his hands at the time the debt became due, yet the presumption of solvency created by the statute may be rebutted, and the executor may show an honest inability to pay the debt continuing during the whole period of his executorship.”
Our statute contemplates a state of solvency, ability to pay the debt, not one of honest insolvency. Where it declares that the executor shall be liable for his indebtedness to the estate as for so much money in his hands, an ability to pay while executor is’ within the contemplation of the law. It is not intended to have application to an exceptional case of his inability'to meet his promise.
Any other construction would make an insolvent executor, by virtue of the statute itself, an embezzler of money which he never received, and which he was unable to obtain, and this without any laches or wrong on his part. See also Garber v. The Commonwealth, 7 Pa. St. 265; Harker v. Irick, 2 Stock. Chy. 269.
Such a construction would be both unreasonable and unjust. Barcus v. Stover, supra.
It is a just rule that a trustee will be held liable for more than he receives only in case of “ supine negligence or will *4 ful default.” Taylor v. Bonham, 5 How. (U. S.) 275. All that can be demanded of him is perfect honesty and reasonable diligence. 1 Iredell’s Eq. (N. C.) 108.
Robert Miller, for plaintiff in error.
James A. Gilmore, for defendant in error.
So we hold that S. D. Harshman, being insolvent during the whole period of his executorship, the probate court should have allowed a credit for said debt in the final account with the estate; and the judgment of the common pleas is therefore affirmed.